**Bervin ALLEN, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of the Department of Health and Human Services, Defendant–Appellee.**

**No. 90–2130.**

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1992.

Decided Oct. 14, 1992.

Steven Coursey, Legal Assistance Foundation of Chicago, Rebecca L. Saunders (argued), Chicago, Ill., for plaintiff-appellant.

Anton R. Valukas, U.S. Atty., Mark A. Flessner, Asst. U.S. Atty., Office of the U.S. Atty., Criminal Div., Edward P. Studzinski (argued), Department of Health and Human Services, Region V, Office of the General Counsel, Chicago, Ill., for defendant-appellee.

Before CUDAHY, POSNER and KANNE, Circuit Judges.

CUDAHY, Circuit Judge.

Bervin Allen is fifty-seven years old and has a bad back. The Secretary of Health and Human Services (Secretary) denied Allen's application for Supplemental Security Income (SSI) after an administrative law judge (ALJ) found that, despite his complaint of severe back pain, Allen could perform a full range of light work. Allen appealed the ALJ's decision, and the district court affirmed. We vacate and remand.

### I.

In 1987, at the time of his administrative hearing, Allen was fifty-three years old and had an eleventh-grade education. He had last worked in 1982 at a glass company loading crates of glass onto trucks—an unskilled job, requiring little more than a strong back.

On October 19, 1987, Allen filed an application for SSI alleging that he was disabled due to hypertension, arthritis in the hips, a bad back and tuberculosis. The Secretary denied the application, and Allen requested an administrative hearing. On August 2, 1988, Allen, represented by counsel, appeared at an administrative hearing before Administrative Law Judge Arlander Keys. The ALJ concluded that despite his severe impairments Allen could perform a full range of light work. At Allen's request, the Appeals Council considered additional evidence (a report by Dr. James Miller submitted by Allen), and denied Allen's request for review of the ALJ's decision. Thus, the ALJ's decision became the Secretary's final decision.

Allen then sought judicial review of the Secretary's decision in the district court. The Secretary moved for summary judgment, and the district court, finding that the decision to deny benefits was supported by substantial evidence, affirmed the ALJ's decision. This appeal followed.

As has been pointed out times without number, regulations promulgated under the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, set forth a five-step analysis to determine whether a claimant is disabled. 20 C.F.R. § 416.920(a)–(f). The Secretary must determine in sequence: (1) whether the claimant is currently employed; (2) whether he has a severe impairment; (3) whether his impairment meets or equals one listed by the Secretary; (4) whether the claimant can perform his past work; and (5) whether the claimant is capable of performing any work in the national economy. *Garfield v. Schweiker*, 732 F.2d 605, 607 n. 2 (7th Cir.1984). Once the claimant has satisfied steps one and two, he will automatically be found disabled if he suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform his past work, the burden shifts to the Secretary to show that the claimant can perform some other job. *Rhoderick v. Heckler*, 737 F.2d 714, 715

(7th Cir.1984). If the claimant has only exertional limitations, the Secretary may satisfy his burden by applying the Medical–Vocational Guidelines, commonly called the grid, *see* 20 C.F.R. Ch. III, Pt. 404, Subpt. P, Appendix 2; but if the claimant has nonexertional impairments, and those impairments are severe enough, use of the grid is not appropriate. *Walker v. Bowen*, 834 F.2d 635, 641 (7th Cir.1987). The ALJ found that Allen had a severe back impairment, which prevented him from returning to his old job as an unskilled laborer. The ALJ then consulted the grid, which compelled him to conclude that Allen was not disabled.

At his hearing, Allen testified that he suffers from constant lower back pain radiating into his hips, buttocks and legs. When Allen walks, stands or lifts, a pain shoots down his legs. After walking two or three blocks to his ALJ hearing, Allen stated: "[T]he pain was shooting up my leg, and I was just trying to make it." Sitting for prolonged periods also causes Allen discomfort. He uses a cane when standing or walking to relieve the pain in his hips and legs. Allen cannot bend or mop floors, nor can he step onto a bus. Thus, he spends most of his day watching television.

The medical records produced at the hearing evidence the extent of Allen's health problems: arthritis, tuberculosis, a hernia, hypertension, a lump on his prostate and a variety of debilitating back problems. In October 1986, Allen visited the Veterans Administration West Side Hospital for a second opinion concerning a lump on his prostate gland. Allen complained then of pain in his lower back, but nonetheless exhibited a full range of motion. In April 1987, Allen visited the Veterans Administration's orthopedic clinic, again complaining of lower back pain and numbness in his leg after walking or sitting. X-rays revealed some degenerative changes in Allen's spine.

In March 1987, Allen began seeing Dr. James Miller for another opinion regarding his back pain. Allen complained of pain in his buttocks, but the pain was alleviated with medication. In a July 1988 examination, Dr. Miller noticed that Allen's lumbar spine motion had decreased, and he ordered a computerized tomography (CT Scan) of Allen's spine. The CT Scan revealed a narrowing of Allen's spinal canal and diffuse small joint hypertrophy. Dr. Miller referred Allen for neurosurgery.

From September 1987 through March 1988, Dr. Gloria Freundlich, an osteopath, treated Allen. In September 1987, Freundlich opined that Allen exhibited tenderness in the lower spine and had some difficulty bending. Allen also experienced limited motion of his back. Dr. Freundlich reported in January 1988 that Allen continued to have muscle spasms and decreased flexion in the lower spine. Dr. Freundlich also treated Allen for hypertension.

Dr. Wyness and Dr. Chatura reviewed Allen's medical record in November 1987 and January 1988 and concluded that Allen's medical impairments should not impose significant functional limitations. Neither doctor examined Allen.

In 1988, Dr. Gloria Janse, a chiropractor, reported that Allen had limited movement in his spine and had an altered gait. He leaned toward the right, but with the assistance of a cane he was able to walk. Dr. Janse diagnosed Allen as having several degenerative spinal conditions. Dr. Janse noted that Allen had "partial capacity" for walking, standing, sitting, climbing, bending, stooping, turning and pushing. Dr. Janse concluded that Allen was "limited to activities of daily living" and was "able to perform light working activities."

In addition to the medical evidence, a vocational expert, Meyer Klein, also testified at Allen's hearing. The ALJ asked Klein whether jobs existed that an individual of Allen's age, education and condition could perform, assuming hypothetically that such an individual could perform the full range of light work. Klein answered that such a person could work at a number of jobs including that of a plate stacker in the electrical equipment industry or a booker in the rubber goods industry.

After reviewing all of the evidence except Dr. Miller's report (which the Appeals

Council later added to the record), the ALJ concluded that Allen could do the full range of light work. Finding that Allen had no nonexertional limitations, the ALJ applied the grid and denied Allen's application for benefits. On appeal, Allen contends that the ALJ's determination is not supported by the evidence. Specifically, Allen argues that the ALJ erred in applying the grid because Allen had documented nonexertional impairments and his impairments (both exertional and nonexertional) prevent Allen from performing the full range of light work.

## II.

If the Secretary's decision is supported by substantial evidence, we will affirm it. 42 U.S.C. § 405(g); *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir. 1992). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). We review the record in its entirety, and, while we will not substitute our judgment for that of the ALJ, his findings must be supported by substantial evidence to survive our scrutiny. *Clark v. Sullivan*, 891 F.2d 175, 177 (7th Cir.1989).

Allen first contends that the ALJ erred in applying the grid when Allen suffers from severe nonexertional impairments. Use of the grid may indeed be inappropriate if a claimant's nonexertional impairments are so severe as to limit the range of work he or she can perform. *Walker v. Bowen*, 834 F.2d 635, 640–41 (7th Cir.1987). Thus we begin our inquiry by looking for substantial evidence to support the ALJ's finding that Allen had no nonexertional limitations.

Under the regulations, nonexertional impairments may affect the claimant's capacity to sit, stand, walk, lift, carry, push or pull. In addition, these impairments include difficulties in stooping, bending, grasping and maintaining body equilibrium. Social Security Ruling 83–14, *Titles II and XVI: Capability to Do Other Work—The Medical–Vocational Rules As A Framework For Evaluating A Combination of Exertional and Nonexertional Impairments.* Moreover, pain itself may be classified as a nonexertional impairment. The record reflects that Allen testified that he experienced pain while sitting, an activity essentially nonexertional, and that the pain intensified when he stood or walked. Dr. Miller noted that Allen complained of back pains. Dr. Freundlich was of the opinion that Allen had muscle spasms and a limited ability to bend. Dr. Janse noted that Allen's posture was altered in an apparent attempt to alleviate pain. Allen needs a cane to walk, and pain limits him to walking very short distances. Further, Allen's tenderness, numbness and muscle spasms all qualify as "nonexertional." Although the Secretary "need not address each piece of evidence," his decision must be consistent with the record as a whole. *Stein v. Sullivan*, 892 F.2d 43, 47 (7th Cir.1989). Allen's testimony about his impairments went unchallenged and is fully supported by the medical evidence. The ALJ does not tell us why he ignored this evidence, but we cannot "presume that the ALJ disbelieved all of this evidence without any explicit findings to that effect." *Look v. Heckler*, 775 F.2d 192, 195 (7th Cir.1985). Absent some explicit reason to disregard this critical evidence, we cannot conclude that the ALJ's determination that Allen had no nonexertional impairments is supported by substantial evidence.

In addition, Allen contends that the ALJ erred in finding that he had the capacity to perform the full range of light work. "Light work" requires that a person have the ability to lift up to twenty pounds and the ability to do a good deal of walking or standing. "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8 hour workday." Social Security Ruling 83–10, *Titles II and XVI: Determining Capability to Do Other Work—The Medical–Vocational Rules of Appendix 2.* Allen testified that he experienced severe pain, especially when he walks or sits for

more than twenty minutes. The ALJ found this testimony reasonable and consistent with the medical evidence and concluded that Allen could not stand for extended periods. However, the ability to stand or walk for six hours out of an eight-hour day would obviously seem to entail the capacity to walk and stand for "extended periods." We find it difficult to reconcile this apparent conflict between the ALJ's finding and his ultimate conclusion, and thus we conclude that the administrative decision is not supported by substantial evidence.

The Secretary argues that there is no contradiction in the ALJ's findings because Allen could take a five-minute break every twenty minutes to relieve the pain and still stand or walk for more than six out of eight hours. We have this same day rejected a similar argument in which the Secretary urged that a waitress could "cope with the sitting and standing requirements of that job by alternating between sitting and walking" and resting during her breaks and lunch. *Schroeter v. Sullivan,* 977 F.2d 391–395 (7th Cir.1992); *see also DeFrancesco v. Bowen,* 867 F.2d 1040, 1044 (7th Cir.1989). We find the argument equally unpersuasive and unrealistic in the present case. Indeed, we think it unlikely that jobs exist in the "full range" of light work that would permit Allen to sit down every twenty minutes and take a break. *DeFrancesco,* 867 F.2d at 1044–45. The Secretary relies on *Nelson v. Secretary of Health & Human Services,* 770 F.2d 682 (7th Cir.1985) (per curiam), in which the court upheld a finding that the claimant could do "light work" even though she could only stand and walk up to four hours a day. But this reliance is misplaced, since the court in *Nelson* was apparently unaware of Social Security Ruling 83–10, which requires the capacity to do a total of six hours of standing or walking for the full range of light work. Moreover, in *DeFrancesco,* we explicitly recognized that light work requires a capacity to stand and walk for six hours a day. 867 F.2d at 1044.

■ The Secretary argues that two pieces of substantial evidence support the ALJ's decision. First, the Secretary argues that the ALJ correctly relied on Dr. Janse's conclusion that Allen was "limited to light working activities." But we do not think Dr. Janse's use of that term is equivalent to the Secretary's term of art, "light work." In fact, the form Dr. Janse filled out was prepared by the Illinois Department of Public Aid and involved an entirely different scheme of categories. Moreover, given the other statements in Dr. Janse's report about Allen's limited capacity to walk, sit and stand, we do not think that a fair reading of the whole report can support a finding that Allen can perform the full range of light work.

■ Second, the Secretary argues that the ALJ's decision is supported by Mr. Klein's testimony regarding the jobs available to a person like Allen. But when the ALJ put the hypothetical question to Klein, the ALJ asked him to *assume* that Allen could perform the *full range* of light work. Thus, Klein did not testify that there were any jobs that Allen can *actually* do. *DeFrancesco,* 867 F.2d at 1045. In sum, we cannot find substantial evidence to support the ALJ's finding that Allen could perform the full range of light work.

■ Finally, the Secretary argues that Allen improperly included excerpts from medical texts in his supplemental appendix. We are not persuaded. Allen referred to these texts to help define technical medical terms contained in the record, and for this we are much obliged to him. Courts reviewing social security disability claims regularly refer to medical texts that are not part of the administrative record in order to clarify technical terms. *See, e.g., Sias v. Secretary of Health & Human Services,* 861 F.2d 475, 480 n. 2 (6th Cir. 1988); *Holliday v. Schweiker,* 563 F.Supp. 1272, 1275–76 nn. 1–6 (N.D.Ill.1983); *Ghazibayat v. Schweiker,* 554 F.Supp. 1005 app. at 1015 n. 3 (S.D.N.Y.1983).

### III.

We conclude that the record viewed in its entirety does not support the ALJ's finding that Allen had no nonexertional impair-

ments; nor does the evidence support the ALJ's finding that Allen can perform the full range of light work.

For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED to the Secretary for further proceedings consistent with this opinion.