755 F.2d 1513
 9 Soc.Sec.Rep.Ser. 24, Unempl.Ins.Rep. CCH 16,011
David W. EDWARDS, a minor under the age of nineteen years,
by his next friend, Carolyn EDWARDS, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant- Appellee.
 No. 83-7608.
 United States Court of Appeals,
Eleventh Circuit.
 March 28, 1985.
 
 Steven D. Caley, Legal Services Corp. of Alabama, Dothan, Ala., for plaintiff-appellant.
 Calvin C. Pryor, Asst. U.S. Atty., Montgomery, Ala., Carl H. Harper, Regional Atty., Dept. of H.H.S., Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and THORNBERRY*, Senior Circuit Judge.
 GODBOLD, Chief Judge:
 
 
 1
 This appeal involves the denial of child disability insurance benefits to an 18 year-old with low I.Q. who suffers from exercise induced asthma and chronic obstructive lung disease. The Administrative Law Judge (ALJ) determined that claimant had no severe impairment and denied benefits. When the Appeals Council declined to review this determination, the finding of non-disability became the Secretary's final decision. The district court found that substantial evidence supported the Secretary's determination and affirmed. We reverse.
 
 
 2
 The Secretary has mandated a sequential evaluation of disability claims. 20 C.F.R. Sec. 404.1520 (1983). The regulations require that one first consider whether the claimant is working. If so, the claimant is not disabled. If not, one must next determine whether claimant suffers from a severe impairment. If not, the applicant is not disabled. In this case the ALJ stopped at this step in the process after finding that Edwards suffered from no severe impairment. This was error. Edwards has a performance I.Q. of 67, a verbal I.Q. of 70, and a full-scale I.Q. of 68. The Secretary's own rulings establish that an I.Q. of 80 or more is not a severe impairment. Soc.Sec.Rul. 82-54, 1982 Cumulative Social Security Rulings 132; Soc.Sec.Rul. 82-55, 1982 Cumulative Social Security Rulings 102. At the least, therefore, an I.Q. below 80 may be a severe impairment. This circuit has established that
 
 
 3
 [a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.
 
 
 4
 Brady v. Heckler, 724 F.2d 914, 920 (11th Cir.1984). Under such a definition, the Secretary erred.
 
 
 5
 Had the Secretary not erroneously stopped at the second step of the sequential evaluation, she would have considered whether Edwards met any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 (1983), which details "impairments which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. Sec. 404.1520(a) (1983).
 
 
 6
 Edwards asserts that he meets the requirements of Listing 12.05(C), which establishes disability if one has an
 
 
 7
 IQ of 60 to 69 inclusive (See 12.00B4) and a physical or other mental impairment imposing additional and significant work-related limitation of function.
 
 Listing 12.00 B 4 mandates that
 
 8
 [w]here more than one IQ is customarily derived from the test administered, i.e. where Verbal, Performance, and Full Scale IQ's are provided, as on the WAIS the lowest of these is to be used in conjunction with 12.05.
 
 
 9
 Because Edwards's Performance I.Q. is 67, he satisfies the first (I.Q.) requirement of Listing 12.05(C). The question remains whether his asthma or chronic obstructive lung disease imposes an "additional and significant work-related limitation of function."
 
 
 10
 An impairment imposes significant limitations when its effect on a claimant's ability to perform "basic work activities" is more than slight or minimal. The question under Listing 12.05(C), however, is not whether the impairment is in and of itself disabling, see Wright v. Schweiker, 556 F.Supp. 468, 476 (M.D.Tenn.1983); thus, "significant" requires something less than "severe" within the meaning of Sec. 404.1520(c). That "significant" involves something more than "minimal" but less than "severe" follows from the regulations. Once a claimant is found to have a "severe impairment" within the meaning of Sec. 404.1520(c), he is deemed disabled (he must also meet the durational requirement), and the analysis comes to an end. It is only when the impairment is not severe that the inquiry proceeds to determine whether the claimant is disabled under Appendix 1. A claimant is disabled under Sec. 12.05(C) of the Appendix when the combination of the impairments renders the claimant severely impaired; that is, disabled. Thus, the impairment referred to in Sec. 12.05(C) is something less than "severe" as defined in Sec. 404.1520(c).
 
 
 11
 Our recent decision in [Mark] Edwards v. Heckler, 736 F.2d 625 (11th Cir.1984), is somewhat ambiguous. But as we construe it, it does not conflict with our holding. There we noted that Sec. 12.05(C) "closely parallels" the definition of severe impairment set forth in Sec. 404.1520(c). 736 F.2d at 629. But the court stated, at page 630, that "[w]hether these impairments (referred to in Appendix 1, Sec. 12.05(C) are in and of themselves disabling is not the question." The court expressly relied upon Wright v. Schweiker 's finding that an impairment under the second prong of Sec. 12.05(C) need not in itself be disabling, 736 F.2d at 630, in defining "significant." To construe Mark Edwards as requiring that the additional impairment itself be severe would be out of step with the statutory scheme. If the claimant has a severe impairment apart from his low I.Q., and meets the duration requirement, analysis comes to an end and consideration of the consequence of the low I.Q. need not be pursued. It would make no sense that when a low I.Q. is present there must be added to it a separate severe impairment. Mark Edwards could not have meant this.
 
 
 12
 The record indicates that Edwards suffers from chronic obstructive lung disease and exercise induced asthma. 2 Rec. at 80, 81. The record also shows that he "is doing fairly well with current medications, controlling his exercise. The addition of Albuterol inhaler is indicated for further control of his exercise induced asthma with two to three puffs prior to exercise (up to four treatments per day)." Id. at 81. This statement indicates that Edwards's ability to exert himself is limited. See also id. at 33, 37, 43-44 (testimony by Edwards and his mother indicating the limited nature of his physical activities).
 
 
 13
 No evidence in the record contradicts the findings of chronic obstructive lung disease and exercise induced asthma; there are only x-rays that are unremarkable, id. at 92, and a pulmonary function study that showed a mild restriction. Id. at 82. The Secretary almost concedes that Edwards's impairment causes some limit on his ability to perform basic work activities.
 
 
 14
 It is not the existence of a respiratory impairment that is controlling but rather the functional capacity the individual retains for activity in spite of such impairment. Numerous courts have held that although appellant could not engage in physically strenuous activities in a dusty environment, they [sic] could engage in lighter activities in a cleaner environment.
 
 
 15
 Brief of Appellee at 16.
 
 
 16
 It is submitted that since appellant's physical impairment in this case does not preclude the performance of simple, entry level, repetitive type activity, he does not meet the requirements of 12.05(c) ....
 
 
 17
 Id. at 19. However,
 
 
 18
 [w]hether these impairments are in and of themselves disabling is not the question. Rather, applying section 12.05(C), the ALJ should have determined solely whether these findings constitute "additional and significant work-related limitations of function." While the regulations do not further explain or define those terms, the regulations do define an impairment as non-severe "if it does not significantly affect your physical or mental abilities to do basic work activities."
 
 
 19
 Wright v. Schweiker, 556 F.Supp. 468, 476 (M.D.Tenn.1983).
 
 
 20
 Because Edwards's asthma and lung disease affect his ability to exert himself, they have more than a "minimal effect" on his ability to perfect basic work activities. The ALJ therefore erred in finding that these impairments are not severe. Edwards meets the requirements of Listing 12.05(C) and is entitled to benefits. See Mark Edwards, at 630-631.
 
 
 21
 REVERSED.
 
 
 
 *
 Honorable Homer Thornberry, U.S. Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation