Richard FANNING, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.

No. 85–4262.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 1986.[*]

Submission Vacated May 14, 1987.

Resubmitted June 1, 1987.

Decided Sept. 11, 1987.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**632**

Kenneth Isserlis, Spokane, Wash., for plaintiff-appellant.

Kathryn A. Warma, Seattle, Wash., for defendant-appellee.

Before SKOPIL, FLETCHER and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Richard Fanning appeals the district court's judgment affirming the decision by the Secretary of Health and Human Services ("Secretary") that he was not entitled to Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* We reverse and remand.

## FACTS

Fanning applied for SSI benefits on November 22, 1982. His application was denied initially and upon reconsideration. Having timely requested a hearing, Fanning appeared and testified before an Administrative Law Judge ("ALJ") on November 8, 1983.

Before the ALJ, Fanning asserted disability due to knee problems and mental impairment. Disability is determined under a five-step sequential evaluation process established by 20 C.F.R. § 416.920 (1986).[1] The ALJ found that Fanning satisfied the first two steps, because he was unemployed and suffered from a severe mental impairment. *See id.* at §§ 416.-920(b) and 416.920(c). However, he concluded that Fanning was not disabled, because he did not suffer from an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and could still perform his past relevant work. *See id.* at §§ 416.920(d) and 416.920(e). Accordingly, he denied Fanning's application.

---

**1.** A parallel five-step sequential evaluation regulation, 20 C.F.R. § 404.1520 (1986), governs eligibility for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* Our opinion relies on cases applying 20 C.F.R. § 404.-1520 as well as 20 C.F.R. § 416.920.

The ALJ's decision became the final decision of the Secretary when the Social Security Appeals Council denied review. Fanning then sought review of the Secretary's decision in the district court. The parties consented that a magistrate exercise full jurisdiction over the case. *See* 28 U.S.C. § 636(c)(1) (1982). Each party moved for summary judgment. The magistrate granted the Secretary's motion and denied Fanning's, thereby affirming the Secretary's decision.

## DISCUSSION

We review the district court's grant of summary judgment *de novo. Fagner v. Heckler*, 779 F.2d 541, 543 (9th Cir.1985). The Secretary's determination that a claimant is not disabled must be upheld if the findings of fact are supported by substantial evidence and the Secretary applied proper legal standards. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir.1984).

Fanning argues that he suffers from the listed impairment of mental retardation, because he has:

[a] valid verbal, performance, or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function[.]

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C) (1986).

The ALJ found that Fanning's IQ scores obtained during psychological testing by two clinical psychologists ranged from a high of 76 to a low of 69,[2] thereby satisfying the first prong of section 12.05(C). The determinative issue is whether Fanning suffers from a physical or other mental impairment which imposes an additional and significant work-related limitation of

function, in satisfaction of the second prong of section 12.05(C).

■ We have not had prior occasion to interpret the second prong of section 12.-05(C). Other circuits have concluded that an impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal. *See Pullen v. Bowen*, 820 F.2d 105, 109 (4th Cir.1987); *Cook v. Bowen*, 797 F.2d 687, 690 (8th Cir.1986); *Nieves v. Secretary of Health and Human Services*, 775 F.2d 12, 14 (1st Cir.1985);[3] *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir.1985); *see also Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir.1985) (second prong held satisfied where claimant was limited to light or sedentary work). We agree with and adopt this standard.

Fanning contends that he suffers from a personality disorder, a knee injury, and occasional blackouts, and that these physical or other mental impairments, singly or in combination, impose an additional and significant work-related limitation of function within the meaning of section 12.05(C). The ALJ did not render any express findings as to whether any of these alleged additional impairments had more than a slight or minimal effect upon Fanning's ability to perform basic work activities. The ALJ did find that Fanning's knee injury limited his ability to do significant squatting or heavy lifting. At the same time, however, the ALJ found that Fanning was not a credible witness with respect to his medical condition, and emphasized that he was giving Fanning the benefit of the doubt in finding that Fanning's knee injury had any effect on his ability to work, given the absence of objectively manifested physical limitations. Whether the ALJ would

---

**2.** In a test administered by Dr. William L. Riley in December 1982, Fanning achieved a verbal score of 71, a performance score of 70, and a full scale score of 69 on the Wechsler's Adult Intelligence Scale (WAIS). In a test administered by Dr. Dennis R. Pollack in November 1983, Fanning achieved a verbal score of 72, a performance score of 76, and a full scale score of 72 on the WAIS.

**3.** In *Nieves*, the Secretary had applied 20 C.F.R. § 404.1520(c), which parallels the second step of the sequential evaluation process prescribed

by 20 C.F.R. § 416.920(c), to find that the claimant suffered from an additional physical impairment which was itself severe. The *Nieves* court reasoned that this finding of severity automatically satisfied the more than slight or minimal effect standard. *Nieves*, 775 F.2d at 14. We emphasize, however, that a finding of severity is not required to satisfy the more than slight or minimal effect standard. *See Edwards by Edwards*, 755 F.2d at 1515 ("significant" work-related limitation of function involves something more than "minimal" but less than "severe").

have considered Fanning's knee injury to have more than a slight or minimal effect, within the meaning of our holding today, is unclear.

We recognize that the ALJ expressly found that any limitations imposed by the knee injury did not prevent Fanning from performing his past work as a laundry loader, janitor, and dishwasher. This finding, however, is not determinative. If Fanning suffers from the impairment listed in section 12.05(C), and the impairment meets the 12 month duration requirement specified by statute, *see* 42 U.S.C. § 1382c(a)(3)(A) (1982), he must be found disabled without consideration of his age, education, and work experience. 20 C.F.R. § 416.920(d); *see Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 2025, 90 L.Ed.2d 462 (1986); *see also Bowen v. Yuckert*, — U.S. —, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987) (Secretary has statutory authority to relieve claimant with listed impairment of burden of proving inability to perform prior work). We therefore reverse the Secretary's denial of benefits, and remand to the ALJ for consideration whether Fanning suffers from the impairment listed in section 12.05(C).

REVERSED AND REMANDED.