UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

LARRY FRANKLIN,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      .

No. 96-5086
(D.C. No. CV-94-919-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, ALARCON,[***] and LUCERO, Circuit Judges.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of

(continued...)

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

I. Facts.

Claimant Larry Franklin appeals from a district court order affirming the Secretary's decision to deny his application for social security disability and supplemental security income benefits. Claimant filed his application for benefits on May 28, 1992, with a protective filing date of April 13, 1992. He alleged disability from December 1991 because of mental retardation. After he was briefly hospitalized in August 1992, he also claimed disability due to polycystic kidney disease.

The administrative law judge (ALJ) determined at step four of the applicable five-step sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(generally describing five-step analysis), that claimant was not disabled because he had the residual functional capacity to

***(...continued)
Appeals for the Ninth Circuit, sitting by designation.

-2-

perform a full range of basic work activities except for work involving average or above average intelligence, and that he could return to his past relevant work as a car washer and dishwasher. Claimant contends on appeal that substantial evidence does not support the ALJ's findings that his impairments do not meet 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1205(C) of the Listing of Impairments, or that he can return to his past relevant work.

## II. Standard of Review.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted). We affirm.

## III. Analysis.

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments, considered in combination, preclude him from doing his previous work, as well as any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). At step three of the sequential evaluation, the ALJ determines whether the claimant's impairment "is equivalent to one of a number of listed impairments that the Secretary

-3-

acknowledges are so severe as to preclude substantial gainful activity." Williams, 844 F.2d at 751 (quotation omitted). If the impairment is listed, it is conclusively presumed to be disabling, and the claimant is entitled to benefits. If the impairment is not listed, the evaluation proceeds to step four, where the claimant must show that the "impairment prevents [him] from performing work he has performed in the past." Id (quotation omitted). Claimant bears the burden of establishing his disability at steps three and four of the sequential analysis. See, e.g., Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992).

## A. Listed Impairment.

Claimant contends he meets disability listing § 12.05(C), which requires him to satisfy a two-prong test: claimant must have "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C)(emphasis added). An impairment imposes a significant work-related limitation of function "when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987); accord Pullen v. Bowen, 820 F.2d 105, 109 (4th Cir. 1987); Cook v. Bowen, 797 F.2d 687, 690 (8th Cir. 1986); Nieves v. Secretary of Health & Human Servs., 775

F.2d 12, 14 (1st Cir. 1985); Edwards ex rel. Edwards v. Heckler, 755 F.2d 1513, 1515 (11th Cir. 1985).

It is undisputed that claimant's IQ falls within the required range of the first prong of the listing. Thus, the determinative issue is whether claimant suffers from a physical or other mental impairment which imposes an additional and significant work-related limitation of function, in satisfaction of the second prong of § 12.05(C). The ALJ concluded that claimant did not meet the second prong of § 12.05(C) because, on the basis of medical reports in the record, claimant's "physical impairments, singularly or in combination, represent no more than a slight abnormality, having such a minimal affect on the claimant that they would not be expected to interfere with his ability to work." R. Vol. II, at 50. The ALJ's finding that claimant's condition did not meet a listing also relied, in part, upon the absence of such a finding by two physicians authorized by the Secretary to determine whether claimant's condition meets or equals a listing. Id. We find no indication in the record that claimant has an additional mental or physical impairment imposing significant work-related limitations on function. Claimant was diagnosed in August 1992 with adult polycystic kidney disease,[1] borderline

_____

[1]    Polycystic kidney disease is an inherited kidney disorder characterized by the presence of many bilateral cysts which cause enlargement of the kidney, as well as reduced function thereof. It is a disease which progresses slowly over a number of years. The time at which the disease becomes manifest is highly

(continued...)

-5-

hypertension, and a history of urinary tract infection.  However, the medical reports from the time of the diagnosis indicate that claimant was feeling well, was not in pain, had no blood in his urine (hematuria) and was voiding without difficulty, id at 199-200, 224-228, and the medical report from December 1993 indicates that claimant's polycystic kidney disease was currently without symptoms, id. at 213.  Although claimant was seen by a doctor on five occasions in 1993, the medical reports are unremarkable with the exception of elevated blood pressure.  The medical reports indicate that claimant's hypertension was under control by medication begun in January 1993.  Id. at 209, 226.  See Pacheco v. Sullivan, 931 F.2d 695, 698 (10th Cir. 1991)(a medical condition that can be controlled or remedied with treatment is not disabling).  Dr. Sutton's December 1993 medical report indicates that claimant was able to stand, sit or walk for eight hours in an eight-hour day; had good range of motion in all joints, good reflexes, and good grip strength; could continually lift and carry up to 100 pounds; could continuously bend, crawl, squat, climb and reach; had no restrictions with his

---

[1](...continued)
variable, and for many, end-stage renal failure will not occur for more than twenty years.  The Merck Manual of Diagnosis and Therapy 1730-31 (Robert Berkow, M.D., 16th ed.1992).

ability to use his hands or feet; and no restrictions for exposure to environmental pollutants. R. Vol II, at 212-219.

Claimant contends there is evidence in the record that supports a finding that he has a physical or other mental impairment imposing additional and significant work-related limitation of function. He first points to the evidence that he is illiterate. However, claimant has held dishwashing and car washing jobs constituting substantial gainful activity in spite of his illiteracy. He next points to his sister's testimony that he cannot take care of his own business affairs without assistance and is severely fatigued. The ALJ considered this testimony, but discounted it as not credible because it was not supported by any of the evidence. The ALJ correctly noted that claimant had never complained of fatigue to any of his doctors. Moreover, claimant testified he was able to manage his own money, cook his daily meals, clean his home, do his own shopping, and drive his car almost every day. Id. at 78, 83-84.

Claimant then points to medical reports that claimant suffers from marked restrictions in his ability to understand and remember detailed instructions and to interact appropriately with the public; cannot work under stressful conditions; cannot use good judgment in a work situation; would need close supervision, and has a limited intellectual capacity. Like the evidence of claimant's illiteracy, this evidence demonstrates symptoms of claimant's mental retardation, and does not

satisfy claimant's obligation to show an <u>additional</u> impairment meeting the second prong of listing § 12.05(C). Moreover, despite these limitations, the report from Dr. Gordon stated that claimant is "obviously capable of performing a routine and repetitive task on a regular basis" and that his mental impairment "does not keep him from working as a dishwasher." <u>Id.</u> at 185.

Claimant's final contention, that the broken wrist he suffered after the administrative hearing satisfies the second prong, is without merit. The medical evidence demonstrates that this injury was temporary and satisfactorily healed. <u>Id.</u> at 13-16. We conclude that substantial evidence supports the ALJ's conclusion that claimant's condition does not meet or equal a listed impairment.

## B. Ability to Perform Past Relevant Work.

Claimant contends the ALJ's finding that claimant can perform his past relevant work is not supported by substantial evidence. At step four, "claimant bears the burden of proving his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy." <u>Andrade v. Secretary of Health & Human Servs.</u>, 985 F.2d 1045, 1051 (10th Cir. 1993).

Claimant first contends his most recent work as a part-time dishwasher did not constitute substantial gainful activity. The capacity to do past work that was substantial gainful activity indicates the claimant is not disabled, provided the

work was not remote in time or sporadically performed. SSR 82-62, Soc. Sec. Rep. Serv., Rulings 1975-1982, 809-10 (West 1983); see also 20 C.F.R. § 404.1571 (any work performed during a period of claimed disability may demonstrate an ability to perform substantial gainful activity). Although claimant's most recent work as a part-time dishwasher was not "substantial gainful activity," as determined under 20 C.F.R. § 404.1574, claimant does not dispute the ALJ's finding that claimant's past relevant work as a car washer and dishwasher in 1976 through 1979, 1982 through 1984, and 1988 through 1990 did constitute "substantial gainful activity," some of which was performed within fifteen years of the date of adjudication. See 20 C.F.R. § 404.1565(a); SSR 82-62, at 809-10; see also Jozefowicz v. Heckler, 811 F.2d 1352, 1356 (10th Cir. 1987)(holding that eight months of work is not considered as brief or sporadic activity). Therefore, claimant clearly performed substantial gainful activity that was neither remote in time, nor sporadically performed.

Claimant next contends the ALJ erred by not calling a vocational expert. However, the Secretary need not produce vocational expert testimony when the issue is whether the claimant can return to work he has previously performed. See Musgrave, 966 F.2d at 1376. As discussed above, claimant has not demonstrated any impairment other than his mental retardation that has more than a slight or minimal effect on his ability to work. It is undisputed that claimant

suffered from mental retardation during all of the time he was able to perform his past relevant work. The medical evidence supports the ALJ's finding that "claimant's mental impairment did not in any way change on December 30, 1990, the date claimant alleged his impairment began, or on December 30, 1991, the date he alleged he became disabled." R. Vol. II, at 51 (citations omitted). Claimant's sister testified, and there is no medical evidence to the contrary, that nothing happened to claimant in 1990 or 1991 in terms or injury or other similar event that caused a change in claimant's mental or physical condition. Claimant also testified that he left full-time employment as a dishwasher in 1990 because that business was slow. Id. at 97. Thus, because claimant did not provide any evidence of an inability to return to his former employment, the ALJ did not err in not calling a vocational expert.

Finally, claimant contends the ALJ did not compare the requirements and demands of his past relevant work to his specific limitations. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993)(ALJ required to make findings regarding a claimant's residual functional capacity, the physical and mental demands of a claimant's past relevant work, and the ability of the claimant to perform those demands given claimant's residual functional capacity). The ALJ found that claimant had the residual functional capacity to perform a full range of basic work activities except for work involving

average or above average intelligence. The ALJ considered the findings of Dr. Gordon that claimant was "obviously capable of performing a routine and repetitive task on a regular basis" and that his mental impairment "obviously does not keep him from working as a dishwasher." R. Vol. II, at 185. The ALJ also considered claimant's testimony that he was able to manage his own money, cook his daily meals, clean his home, do his own shopping, and drive his car almost every day. The ALJ made the requisite findings regarding claimant's residual functional capacity and ascertained that claimant could perform his past relevant work given his residual functional capacity. The ALJ was not required to conduct any further comparison of limitations with work demands. See SSR 82-62, at 812 (in making findings at step four, ALJ must obtain "factual information about those work demands which have a bearing on [a claimant's] medically established limitations"). Thus, contrary to claimant's assertion, the record substantially supports the ALJ's determination that claimant's mental impairments have not prevented him from performing his past relevant work.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Arthur L. Alarcon
Circuit Judge