**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT L. COLLINS,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,*

      Defendant-Appellee.

No. 96-6153
(D.C. No. CIV-94-1718-A)
(W.D. Okla.)

ORDER AND JUDGMENT**

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

\*     Although Shirley S. Chater, Commissioner of Social Security, has been
substituted for Donna E. Shalala, Secretary of Health and Human Services, as the
defendant in this action, in the text we continue to refer to the Secretary because
she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert L. Collins appeals from an order of the district court affirming the Secretary's determination that he is not entitled to disability benefits. We affirm.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994) (citations and quotation omitted).

Mr. Collins claimed disability due to a mental impairment and depression. The administrative law judge (ALJ) determined at step four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Collins was not disabled because he could perform his past relevant work as a dishwasher or kitchen helper.

On appeal, Mr. Collins contends he is disabled at step three as he meets the listing found at 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.05(C) for mental retardation. Mr. Collins asserts that his full-scale IQ is 65 and he has a mild organic defect and depression which meet the requirements of § 12.05(C).

Disability listing 12.05(C) requires a claimant to meet a two-prong test: the claimant must (1) have "[a] valid verbal, performance, or full scale IQ of 60

through 70" and (2) have "a physical or other mental impairment imposing additional and significant work-related limitation of function." Mr. Collins meets the first prong. The issue here is whether he has an impairment in addition to his IQ which significantly limits a work-related function.

"[A]n impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987); accord Pullen v. Bowen, 820 F.2d 105, 109 (4th Cir. 1987); Cook v. Bowen, 797 F.2d 687, 690 (8th Cir. 1986); Nieves v. Secretary of Health & Human Servs., 775 F.2d 12, 14 (1st Cir. 1985); Edwards ex rel. Edwards v. Heckler, 755 F.2d 1513, 1515 (11th Cir. 1985). However, "the significant limitation under section 12.05(C) need not be disabling in and of itself." Branham v. Heckler, 775 F.2d 1271, 1273 (4th Cir. 1985); accord Warren v. Shalala, 29 F.3d 1287, 1291 (8th Cir. 1994).

The record shows that while Mr. Collins has stated he is depressed, he has not received professional treatment for his depression. Mr. Collins' depression appears to be related to the fact that he does not have a girl friend. The record contains general references to complaints of depression, but no objective medical evidence showing that Mr. Collins's depression would have more than a slight or minimal effect on his ability to perform work.

A psychological evaluation performed in 1987 stated that one testing score reflected a mild organic defect such that "[h]e will experience some problems if placed in a vocational area which requires adequate ability to put parts of an object into a completed whole." R. Vol. II at 254. This evaluation eliminates one type of job, but does not reflect any impact on Mr. Collins's ability to perform jobs which do not require putting "parts of an object into a completed whole." The mere presence of an impairment does not meet the requirement of § 120.5(C). Finally, the record contains no evidence of any physical impairment which would affect Mr. Collins's ability to work.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge