127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alphonso McGILL,
v.
John J. CALLANAH,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-16964.
 United States Court of Appeals, Ninth Circuit.
 Oct. 16, 1997.***
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CV-94-03619-DLJ; D. Lowell Jensen, District Judge, Presiding.
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alphonso McGill timely appeals from the district court's summary judgment affirming the Commissioner of Social Security's denial of McGill's application for child's disability insurance benefits. Reviewing de novo the district court's order, we hold that the Commissioner applied the proper legal standards and that the decision to deny benefits is supported by substantial evidence. We therefore affirm.
 
 I.
 
 3
 We reject McGill's contention that the ALJ applied the wrong legal standard in finding that McGill's monocular vision did not impose a "significant work-related limitation of function" under Listing 12.05C. McGill improperly elevates form over substance when he argues that the ALJ's failure to phrase his question to the vocational expert in different terms constitutes reversible legal error.
 
 
 4
 This court has held that an impairment imposes a significant work-related limitation of function "when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir.1987). However, the ALJ need not recite or incant certain "magic words" so long as the reviewing court can draw specific and legitimate inferences from his decision. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir.1989). The imposition of such "burdensome procedural requirements" would serve little purpose other than to facilitate "second-guessing" of the ALJ. See Allen v. Heckler, 749 F.2d 577, 580 (9th Cir.1984).
 
 
 5
 The ALJ based his determination that McGill's monocular vision failed the second prong of Listing 12.05 on the vocational expert's uncontroverted testimony that the impairment did not impose any physical limitation for most entry-level, unskilled-type occupations. Simply because there exist particular jobs for which monocular vision might be an impediment does not justify a conclusion that monocular vision impairs a claimant's ability to conduct "basic work activities." The vocational expert's identification of a substantial number of entry-level jobs that McGill could perform despite his monocular vision serves as substantial evidence to support the ALJ's determination under Fanning.
 
 II.
 
 6
 We also reject McGill's contention that the ALJ found appellant's monocular vision to be a "severe" impairment under the sequential disability analysis and that the impairment is therefore significant under Listing 12.05C. Even if we were to accept McGill's claim that a severe impairment at step two of the sequential disability analysis necessarily satisfies Listing 12.05C, see Nieves v. Secretary of Health & Human Servs., 775 F.2d 12, 14 (1st Cir.1985), the record does not support McGill's claim that the ALJ found monocular vision to be a "severe" impairment.
 
 
 7
 We agree with the district court's assessment in its order granting summary judgment that the ALJ concluded only that the combination of McGill's impairments was severe, not that each impairment significantly limited his work ability. Because the ALJ's findings are supported by substantial evidence under the proper legal standard, we will not disturb the Commissioner's denial of benefits on this ground.
 
 III.
 
 8
 Finally, we conclude that the ALJ based his determination that appellant did not suffer from a listing-level affective disorder before age twenty-two on substantial evidence. McGill's claim of legal error fails for two reasons: (1) the ALJ rejected Dr. Levine's diagnosis of early onset dysthymic disorder for specific and legitimate reasons that are supported by substantial evidence; and (2) even if the ALJ had accepted Dr. Levine's diagnosis in its entirety, McGill did not establish that he continuously suffered from a listing-level affective disorder between his eighteenth and twenty-second birthdays.
 
 
 9
 The critical date for determining when McGill's disability began is, of course, "the date of onset of disability, not the date of diagnosis." Swanson v. Secretary of Health and Human Servs., 763 F.2d 1061, 1065 (9th Cir.1985). The ALJ was presented with two conflicting opinions of non-treating physicians as to the onset date of McGill's dysthymic disorder. The ALJ accepted Dr. Levine's opinion that McGill suffered from an affective disorder and was not employable as of August 1992. However, Dr. Levine's opinion that the disorder began before McGill's twenty-second birthday was contradicted by Dr. Felix's June 1991 finding that appellant exhibited no particular emotional disorder or pathology and was accessible to job training. The ALJ did not arbitrarily select an onset date but instead concluded--based on Dr. Levine's global assessment of McGill's functioning for the "past year" and on Dr. Felix's June 1991 report--that McGill had established a listing-level affective disorder dating back to August 1991.
 
 
 10
 "Where medical testimony is conflicting ... it is the ALJ's role to determine credibility and resolve the conflict. If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ." Allen, 749 F.2d at 579 (citation omitted); see also Magallanes, 881 F.2d at 750 ("The question before us is whether the onset date actually chosen is supported by substantial evidence, not whether another date could reasonably have been chosen."). We hold that the ALJ properly selected an onset date based on the opinions of Dr. Felix and Dr. Levine and that his selection is supported by substantial evidence.
 
 
 11
 Moreover, even if the ALJ had credited Dr. Levine's opinion that McGill exhibited symptoms of dysthymic disorder before he reached age twenty-two, her opinion does not establish that appellant continuously suffered from a disorder of listing-level severity between ages eighteen and twenty-two. See Young v. Sullivan, 911 F.2d 180, 184 (9th Cir.1990); see also Smolen v. Chater, 80 F.3d 1273, 1280 (9th Cir.1996) ("Other circuits have held, and we agree, that the claimant must be disabled continuously and without interruption beginning before her twenty-second birthday until the time she applied for child's disability insurance benefits.").
 
 
 12
 We of course recognize that "[t]he classification of mental disorders is not an exact science," Ramirez v. Shalala, 8 F.3d 1449, 1153 (9th Cir.1993), and that many persons with mental disorders forego treatment. However, we will not second-guess the ALJ's determination that McGill failed to establish a listing-level affective disorder throughout the relevant time period where the ALJ applied the proper legal standard and his determination is supported by substantial evidence.
 
 
 13
 The district court's summary judgment in favor of the Commissioner of Social Security is AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner of Social Security, is substituted for Shirley S. Chater, former Commissioner of Social Security, as the defendant
 
 
 **
 * This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3