**Walter MICHAEL, Plaintiff— Appellant,**

v.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Jo Anne BARNHART, Commissioner,*
Defendant—Appellee.

No. 00–16641.

D.C. No. CV–99–03936–CRB.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2002.**

Decided March 21, 2002.

Before RYMER, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM ***

Walter Michael appeals from the district court's order granting summary judgment in favor of Jo Anne Barnhart, the Commissioner of the Social Security Administration (the "Commissioner"), and dismissing Michael's complaint brought pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3). The district court also denied Michael's cross-motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court found that there was substantial evidence to support the Commissioner's determination that, despite Michael's severe reading difficulties, he was ineligible to receive disability insurance and Supplemental Security income benefits because he did not "meet or equal a listed impairment." 20 C.F.R. § 404.1520(d). We review the administrative record as a whole to determine whether substantial evidence supports the Commissioner's denial of benefits, a burden of proof that we have defined as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

Our review of the record confirms that the Commissioner's determination that Michael's impairment did not fall within the scope of the relevant listing (Listing 12.05(c)) is supported by substantial evidence. To qualify under that listing, a claimant must demonstrate that his impairment imposes "an additional and significant work-related limitation of function," 20 C.F.R. Pt. 404, Subpt. P., App. 1, such as an "effect on [his] ability to perform basic work activities [that is] more than slight or minimal." *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir.1987). Here, mental health care professionals employed by the State of California determined that Michael's reading difficulties did not impair various functions germane to manual work, including his ability to comprehend basic instructions, perform tasks in coordination with his co-workers, and fulfill scheduling requirements. Moreover, we note that on September, 29 1997 (more than a year after Michael applied for benefits), a psychologist employed by the California Department of Rehabilitation determined that Michael was capable of performing millwork despite his impairments.

___

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* Jo Anne Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Consequently, the district court did not err in granting summary judgment in the Commissioner's favor and denying Michael's cross-motion.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.