**Donna M. BROOKS, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 04–15716.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Feb. 14, 2006.*

Decided Feb. 16, 2006.

Steven G. Rosales Fax, Rohlfing Law Firm, Santa Fe Springs, CA, for Plaintiff–Appellant.

Sarah Ryan, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, Carlos A. Gonzalez, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Defendant–Appellee.

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Claimant Donna Brooks appeals the district court's judgment affirming the Commissioner's denial of Title II Social Security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's order de novo. *Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir.2003). The decision of the Commissioner must be affirmed if the Commissioner applied the correct legal standards and the decision is supported by substantial evidence. *Id.* We affirm.

The claimant argues that the administrative law judge (ALJ) erred in failing to consider whether she qualifies as disabled under the mental retardation listing 12.05, found at 20 C.F.R. pt. 404, subpt. P, app. 1, because an intelligence quotient (IQ) test in the record falls within the ranges of paragraphs B or C.[1] To establish that she meets either listing, the claimant must show that she has:

significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period: *i.e.*, the evi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Plaintiff made this argument for the first time in the district court. It was not presented to the ALJ.

dence demonstrates or supports onset of the impairment before age 22. *Id.* § 12.05. In addition, she must establish that she has a valid IQ score within the ranges set forth in paragraph B or C. *Id.* §§ 12.00(A), 12.05(B), 12.05(C). Paragraph C further requires an additional severe mental or physical impairment that imposes "an additional and significant work-related limitation of function." *Id.* §§ 12.00(A), 12.05(C); *Fanning v. Bowen,* 827 F.2d 631, 633 (9th Cir.1987).

Substantial evidence in the record supports the ALJ's determination that the claimant does not have severe impairments that qualify as a disability under the listing of impairments. The record establishes severe mental impairments of post traumatic stress disorder and an anxiety disorder. No medical professional has opined that the claimant has "significantly subaverage general intellectual functioning." Neither mental residual functional capacity (RFC) evaluation, including the RFC performed by the claimant's treating physician, finds any impairments under listing 12.05.

Although the record contains a test that shows a Verbal IQ of 59, Performance IQ of 75, and Full–Scale IQ of 65, the record also establishes that the IQ scores are likely invalid because testing was invalid and because the claimant's "cognitions were not grossly impaired" at the clinical interview. In any event, the scores, alone, are insufficient to establish a severe impairment that meets or equals listing 12.05. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(6). The regulations require a narrative report that "comment[s] on whether the IQ scores are considered valid and consistent with the developmental history and the degree of functional limita-

tion." *Id.* § 12.00(A)(6)(a). The relevant doctor's report does not make the required assessment or find "significantly subaverage" functioning. The record also establishes that the scores are not consistent with the claimant's educational, occupational and functional limitations. The claimant graduated from technical school with a B average and worked for 17 years as a psychiatric technician. Shortly after the IQ test and at the time of her administrative hearing, the claimant attended vocational school to be a medical technician and obtained an A average. The ALJ did not err in not considering listing 12.05 *sua sponte* and substantial evidence supports the ALJ's decision.

AFFIRMED.