[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-15996
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-00073-CV-WTM-5

RONNIE E. OUTLAW,

Plaintiff-Appellant,

versus

JO ANNE BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Georgia
----------------------------------------------------------------

**(August 10, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Ronnie Outlaw appeals the district court's order

affirming the denial by the Commissioner of Social Security (the "Commissioner")

of Outlaw's application for disability insurance benefits. No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." Id. at 1158-59.

A person who applies for Social Security disability benefits must prove his disability. See 20 C.F.R. § 404.1512. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520; Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). In steps one and two, the

2

claimant must show that he has not engaged in substantial gainful activity; and he must prove a severe impairment or combination of impairments. Jones, 190 F.3d at 1228. In step three, the impairment is compared to listed impairments; if the impairment meets or equals a listed impairment, disability is automatically established. Id. If step three's impairment listing does not establish disability, in step four claimant must show an inability to perform past relevant work. Id. If claimant makes a sufficient showing of inability to perform past relevant work, in step five the Commissioner bears the burden of showing other available work that claimant is able to perform. Id.

Here, the Administrative Law Judge ("ALJ") concluded that Outlaw met the first two steps in the evaluative process. About step three, however, the ALJ determined that Outlaw did not meet or equal the level of severity set out in Listings 12.05(C) and 12.06 in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. Outlaw argues that the ALJ erred in determining that his mental impairment did not meet Listing 12.05(C). Outlaw also contends that he meets Listing 12.06 for anxiety related disorders.

The level of severity under Listing 12.05(C) is met when a claimant proffers a valid verbal, performance, or full scale IQ of 60 through 70 and suffers from an impairment that imposes an additional and significant work-related limitation of

3

function that more than minimally or slightly affects the claimant's ability to do basic work. See Edwards by Edwards v. Heckler, 755 F.2d 1513, 1515 (11th Cir. 1985). But a valid IQ score is not conclusive of mental retardation when the IQ score is inconsistent with other evidence in the record about claimant's daily activities. Popp v. Heckler, 779 F.2d 1497, 1499 (11th Cir. 1986).

Substantial evidence supports the ALJ's conclusion that Outlaw did not establish that he was disabled under Listing 12.05(C) because IQ scores from his developmental period showed that he had an IQ above 70, two psychologists concluded that he functioned in the borderline range of intellectual functioning, and Outlaw's long work history in semi-skilled positions and daily activities were inconsistent with his adult IQ scores.[1] The ALJ did not err in concluding that Outlaw was not disabled under Listing 12.05(C).[2]

Outlaw next contends that the ALJ did not present accurate hypothetical questions to the vocational expert ("VE") who testified at Outlaw's hearing. For

---

[1] Although IQ tests that Outlaw took as an adult resulted in scores that were slightly lower than the scores he received during his developmental period, Outlaw testified that he had worked for several years as an adult as a van driver, a security guard, and in the shipping and receiving department at a pecan plant. Therefore, Outlaw's adult IQ scores were not consistent with his daily activities.

[2] Outlaw has offered no argument about why he meets Listing 12.06 except to state that he meets Listing 12.06 for the same reasons that he meets Listing 12.05(C). Because the ALJ did not err in determining that Outlaw failed to meet the criteria for presumptive disability under Listing 12.05(C), we conclude that Outlaw's claim that he meets Listing 12.06 is without merit.

the ALJ to rely on a VE's testimony, the ALJ must pose a hypothetical that adequately describes all the claimant's impairments and accurately reflects the claimant's educational level, age, work skills, and experience. Jones, 190 F.3d at 1229; Freeman v. Schweiker, 681 F.2d 727, 730 (11th Cir. 1982). But the hypothetical need only include limitations supported by the record. See Jones, 190 F.3d at 1229. The ALJ may reject the opinion of a physician when the evidence supports a contrary conclusion. Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ is required, however, to state with particularity the weight he gives to different medical opinions and the reasons why he made that decision. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

In this case, the ALJ's hypothetical questions posed to the VE were consistent with the medical evidence in the record. The ALJ asked the VE to assume a hypothetical person with the residual functional capacity described by Dr. Marc Eaton, a psychologist who examined Outlaw. Although Outlaw claims that the ALJ erred in not including in the hypothetical his impairments as described by Dr. David Acker, another psychologist who evaluated Outlaw almost a year before Dr. Eaton's consultation, the ALJ explained that he credited Dr. Eaton's report because it was more complete and consistent with the record. In addition, we are not persuaded by Outlaw's claim that the ALJ did not credit

5

sufficiently the medical opinion of Dr. Shilpa Srinivasan, a psychiatrist who treated Outlaw, in forming the hypothetical because Dr. Srinivasan did not provide an opinion on how Outlaw's mental impairments affected his ability to work. Therefore, the ALJ's hypothetical questions to the VE were supported by substantial evidence.

Outlaw's final claim is that the ALJ erred in not ordering a consultative evaluation that was requested by Outlaw's lawyer.[3] He asserts that, at the time of his hearing, he was not taking his medication because the medication was making him sick. Outlaw also argues that he did not have the money to obtain proper medical care.

The ALJ has a duty to develop the record fully and fairly. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). As a result, the ALJ may order a physical or mental examination of a claimant at the government's expense; but the ALJ is not required to order an examination if it is not necessary to enable the ALJ to make a disability determination. See id.; 20 C.F.R. § 404.1517. Here, the ALJ did not err in refusing to order a consultative examination of Outlaw because the

---

[3] In the statement of issues listed in his brief, along with his argument that the ALJ erred in not ordering the requested evaluation, Outlaw also asserts that the ALJ erred in not crediting Outlaw's physical exertional impairments. But Outlaw has waived this issue because he did not elaborate on this claim or provide citation to authority about this claim. See Cheffer v. Reno, 55 F.3d 1517, 1519 n.1 (11th Cir. 1995) (concluding that issue was waived, even though party's brief listed the issue in the statement of issues, because party provided no argument on the merits of the claim).

record contained extensive medical records about his physical and mental complaints. So the ALJ did not need to order an examination of Outlaw to decide Outlaw's claim for disability benefits.[4] See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (explaining that "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim" ).

**AFFIRMED.**

---

[4]To the extent that Outlaw argues that the ALJ ignored evidence of his inability to pay for medical care, this claim is without merit because the ALJ did not rely on Outlaw's inability to pay for treatment in determining that Outlaw was not disabled.