[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11638
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00274-M

REBECCA HETHCOX,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 16, 2015)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rebecca Hethcox appeals the district court's order affirming the Social Security Administration's (SSA) denial of disability insurance benefits and supplemental security income pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  On appeal, Hethcox argues that: (1) the Administrative Law Judge (ALJ) failed to fulfill his duty to fully and fairly develop the record; (2) the Appeals Council failed to provide a meaningful review of new evidence submitted to it after the ALJ's decision; (3) the Appeals Council erred in failing to find that Hethcox met the mental impairment requirements in Listing 12.05(C);[1] and (4) the district court incorrectly imposed a good cause requirement to the evidence first submitted to the Appeals Council.  After careful review, we affirm in part and vacate and remand in part.

When an ALJ denies benefits and the Appeals Council denies review of the ALJ's decision, we review the ALJ's decision as the Commissioner's final decision.  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).  We consider the Commissioner's factual findings conclusive if they are supported by substantial evidence "consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id. (quotation omitted); see also 42 U.S.C. § 405(g).  Even if we find that the evidence weighs against the Commissioner's decision, we must affirm if the decision is supported by

---

[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C) (2013).

substantial evidence.  Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam).  "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence."  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

In contrast, we review de novo the Commissioner's legal conclusions.  Id.  If the Commissioner fails to apply the correct law or to provide the reviewing court with sufficient reasoning for determining whether the proper legal analysis has been done, reversal is required.  Cornelius v. Sullivan, 936 F.2d 1143, 1145–46 (11th Cir. 1991).  We also review de novo the judgment of the district court.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007).

I.

Hethcox first argues that the ALJ failed to fully and fairly develop the record.  The claimant bears the burden of proving that she is disabled, and is therefore responsible for producing evidence to support her claim.  Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).  However, "[b]ecause a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record."  Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  This obligation exists even if the claimant is represented by counsel.  Id.

Hethcox contends that the record before the ALJ included numerous suggestions that she might function at a low cognitive level: she only completed the ninth grade, worked unskilled jobs, and could not help her daughter with her homework. In addition, Dr. Donald W. Blanton, who first examined Hethcox at the SSA's request, estimated that her intelligence was below average. On the basis of this information, Hethcox argues that the ALJ should have requested objective IQ testing and a psychiatric evaluation to determine if she had a mental impairment.

However, Hethcox did not allege a mental disability in her disability report, instead listing fibromyalgia, depression, and neck problems as her conditions. Hethcox's testimony about her impairments and Dr. Blanton's initial report indicating that she had below-average intelligence did not require the ALJ to order a consultative examination. See Ingram, 496 F.3d at 1269 ("The administrative law judge . . . is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision.").

Even if the ALJ failed to fully develop the record, Hethcox was not prejudiced. On January 3, 2013, Hethcox appealed the ALJ's denial of benefits. She then filed with the Appeals Council her educational records and the results of a second evaluation with Dr. Blanton, which included a diagnosis of mild mental

4

retardation and an IQ score of 67. By doing so, Hethcox cured any deficiencies in the record. We affirm the district court's judgment that the ALJ fulfilled his duty to fully and fairly develop the record.

## II.

Hethcox next argues that the Appeals Council failed to adequately review her educational records and Dr. Blanton's second evaluation. The Appeals Council considers additional evidence submitted by a claimant if it is new, material, and chronologically relevant. 20 C.F.R. § 416.1470(b). The Appeals Council must then decide if the new information renders the ALJ's "action, findings, or conclusion . . . contrary to the weight of the evidence currently of record." Id. "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram, 496 F.3d at 1262.

In order to determine whether a claimant is disabled, the SSA applies a five-step sequential evaluation. See 20 C.F.R. § 404.1520(a)(1). First, the SSA will not find a claimant disabled if she is capable of substantial gainful activity. Id. § 404.1520(a)(4)(i). If she is not, the SSA will consider if the claimant has a severe medically determinable physical or mental impairment. Id. § 404.1520(a)(4)(ii). If she does, the SSA will next determine if the claimant has a disability that meets or equals one listed in the appendix and meets the durational

requirements.  Id. § 404.1520(a)(4)(iii).  If the claimant's impairment meets or is equal to one of the listed impairments, she qualifies for benefits without further inquiry.  Sullivan v. Zebley, 493 U.S. 521, 525, 110 S. Ct. 885, 889 (1990).  If it does not, the SSA determines whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC") or whether she can make an adjustment to other work in light of her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(iv)–(v).

> Listing 12.05 contains the diagnostic description for mental retardation:

>> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

>> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.  To meet the Listing's requirements, the impairment must satisfy the diagnostic description and any one of the four sets of criteria (A, B, C, or D) described in section 12.05.  Id. § 12.00(A).  As relevant here, Listing 12.05(C) requires: (1) evidence of a valid verbal, performance, or full scale IQ score of 60 to 70, and (2) evidence of an additional mental or physical impairment imposing an additional and significant work-related limitation of function.  Id. § 12.05(C).  Under the second prong of Listing 12.05(C), an impairment imposes significant limitations when its effect on a claimant's ability

6

to perform "basic work activities" is more than slight or minimal but less than severe.  See Edwards by Edwards v. Heckler, 755 F.2d 1513, 1515 (11th Cir. 1985).

Here, the Appeals Council did not provide adequate reasoning for denying Hethcox's request for review in light of the new evidence she submitted.  The new evidence included an IQ examination yielding a score of 67 and educational records corroborating that Hethcox's intellectual disability was a lifelong condition.  Listing 12.05(C)'s requirements include a full scale IQ score of 60 to 70 and an onset of the intellectual impairment before the age of 22.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

The Appeals Council is not required to "give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision." Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014).  But it must "apply the correct legal standards in performing its duties." Id.  There is nothing in the Appeals Council's denial to indicate that it properly determined whether the new, material evidence met Listing 12.05(C)'s requirements.  Failing to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.  Cornelius, 936 F.2d at 1145–46.  For that reason, we vacate the district court's decision with

7

instructions to remand the case to the SSA for a determination on whether Hethcox meets Listing 12.05(C)'s requirements.

## III.

Hethcox's final argument is that the district court incorrectly imposed a good cause requirement on the new evidence submitted to the Appeals Council. As mentioned above, when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous. Ingram, 496 F.3d at 1262. However, when a claimant first submits evidence to the district court, she must establish that the evidence is new, material, and that "there [was] good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).

Hethcox first filed her educational records and the results of her second evaluation with Dr. Blanton with the Appeals Council, not the district court. There was therefore no basis for the district court to apply a good cause requirement. The district court improperly excluded Hethcox's educational records as a result. However, even if the good cause requirement was wrongly imposed, remand to the district court is unnecessary in light of our instructions to remand to the SSA.

8

V.

We affirm the district court's judgment that the ALJ fulfilled his duty to fully and fairly develop the record.  However, we vacate the district court's judgment regarding the new evidence submitted to the Appeals Council, with instructions to remand the case to the SSA for a determination on whether Hethcox meets the requirements in Listing 12.05(C).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**